UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION at LEXINGTON

CRIMINAL ACTION NO. 07-73-JMH

UNITED STATES OF AMERICA,                                                           PLAINTIFF,

V.                  **MAGISTRATE JUDGE'S REPORT
&amp; RECOMMENDATION**

MALIK SHABAZZ HAWKINS,                                             DEFENDANT.

*** *** *** ***

This matter is before the Court on the Defendant's *pro se* motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. [R. 114]. In his motion, the Defendant acknowledges that it was filed outside the one year statute of limitations imposed by § 2255(f) but requests permission to proceed based on the doctrine of equitable tolling. Accordingly, the Court ordered additional briefing to determine whether the Defendant's motion should be dismissed as time-barred. For the reasons discussed below, the Court finds that Hawkins' late-filed motion is not saved from dismissal by equitable tolling. The Court also finds that Hawkins waived his right to collaterally attack his guilty plea, conviction, and sentence.

## I. FACTUAL & PROCEDURAL BACKGROUND

On June 6, 2007, the Defendant was charged in a four-count indictment alleging that he had conspired to distribute quantities of powder and crack cocaine. [R. 18]. Hawkins eventually entered into a plea agreement, pleading guilty to Count 2 of the superseding indictment for conspiring to distribute crack cocaine in violation of 21 U.S.C. § 846. [Rs. 55, 57]. In his plea agreement, Hawkins waived his right to appeal and collaterally attack the guilty plea, conviction, and sentence,

but reserved the right to appeal the Court's potential classification of him as a career offender under the United States Sentencing Guidelines. [R. 57 at 4].

Pursuant to U.S.S.G. § 4B1.1(a), the Court classified Hawkins as a career offender because it found that he had two prior felony convictions, one of which was for possession of an unregistered firearm, specifically, a sawed-off shotgun. [R. 88]. The Court overruled Hawkins' objection to the sentencing enhancement and sentenced him to 262 months of imprisonment with 8 years of supervised release. [Rs. 91, 92]. On direct appeal, Hawkins argued that the Court had erred in finding that possession of a sawed-off shotgun was a "crime of violence" under U.S.S.G. § 4B1.2(a). The Court of Appeals, however, affirmed his sentence and held that the intentional and knowing possession of a sawed-off shotgun is a crime of violence for purposes of a defendant's classification as a career offender under the Guidelines. United States v. Hawkins, 554 F.3d 615, 618 (6th Cir. 2009). Hawkins filed a petition for a writ of certiorari, but was denied on June 15, 2009. Hawkins v. United States, 129 S.Ct. 2817 (2009).

Hawkins filed the present § 2255 motion on July 14, 2011, more than two years after his conviction had become final. Starnes v. United States, 18 Fed. Appx. 288, 292 (6th Cir. 2001) (conviction becomes final on date the Supreme Court denies a petition for writ of certiorari in defendant's direct appeal). Recognizing the untimeliness of his motion, Hawkins asks the Court to allow him to proceed under the doctrine of equitable tolling.

## II. EQUITABLE TOLLING

The one-year statute of limitations period found in 28 U.S.C. § 2255(f) is not jurisdictional and is subject to the doctrine of equitable tolling. Dunlap v. United States, 250 F.3d 1001, 1007 (6th Cir. 2001), *abrogated on other grounds* by Hall v. Warden, Lebanon Correctional Inst., 662 F.3d

745 (6th Cir. 2011). The doctrine "allows courts to toll a statute of limitations when a litigant's failure to meet a legally mandated deadline unavoidably arose from circumstances beyond that litigant's control." Robertson v. Simpson, 624 F.3d 781, 783 (6th Cir. 2010) (internal quotations omitted). Courts, however, have been cautioned to grant equitable tolling "sparingly." Id. at 784. A defendant is entitled to equitable tolling only if he demonstrates: (1) "that he has been pursuing his rights diligently", and (2) "that some extraordinary circumstances stood in his way and prevented timely filing." Jefferson v. United States, 392 Fed. Appx. 427, 432-33 (6th Cir. 2010) (citing Lawrence v. Florida, 549 U.S. 327, 336 (2007)). While the Sixth Circuit has previously applied a five-factor test for determining whether a defendant is entitled to equitable tolling, that test has been supplanted by this two-part test. Hall, 662 F.3d at 749-50. In Hall, the court rejected the five-factor test set forth in Dunlap and held that the "'extraordinary circumstances' test, which requires both reasonable diligence and an extraordinary circumstance, has become the law of this circuit." Id. at 750.

Hawkins requests that the one-year statute of limitations be tolled from the time he was "release[d] from State custody and received into Federal custody [in] July of 2010." [R. 114 at 1]. In support of this request, Hawkins states that following his sentencing in federal court on January 28, 2008, he was returned to the Northpoint Training Center, a state correctional facility, where he was serving the remainder of a state sentence. [R. 94, Presentence Report at ¶ 53]. In August 2009, a riot broke out at Northpoint and most of the facility, including the law library, was destroyed. As a result of the riot, Hawkins "was unable to research, prepare, or mail, any personal or legal paperwork" and "lost all legal materials that he was working on and had compiled pertaining to his case." [R. 114 at 2].

3

In response, the United States notes that the riot occurred in August 2009, approximately two months after Hawkins' conviction became final. Accordingly, he had ten months following the riot to prepare a § 2255 motion. The United States argues that Hawkins failed to demonstrate that he exercised any diligence in pursuing his rights during those ten months. Additionally, the United States argues that the circumstances described by Hawkins are not so extraordinary that they would have prevented timely filing. In support, the Government cites Perry v. Vaughn, No. 02-839, 2003 WL 22391236 (E.D. Pa. Oct. 17, 2003). In that case, a temporary lockdown was imposed following a prison riot. Id. at *4. Perry alleged that, as a result of the riot and 30-day lockdown, his legal materials were destroyed. Id. The court concluded that a lockdown and limited library access alone did not constitute "extraordinary circumstances." Id.

This case is distinguishable from Perry and the Court agrees with Hawkins that extraordinary circumstances beyond his control contributed to his delay in filing a § 2255 motion. Unlike the Defendant in Perry, it appears that Hawkins was deprived of all access to legal materials following the riot. As detailed in newspaper articles provided by Hawkins, fires started during the riot apparently destroyed a number of buildings, including dormitories and the building housing the facility's law library.[1] Hawkins contends that by the time he was transferred out of Northpoint, the library was still under reconstruction. [R. 124 at 2]. While the Supreme Court has held that "the fundamental constitutional right of access to the courts requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law

---

[1] See Valarie Honeycutt Spears, "Official: Prison beyond repair", Lexington Herald Leader, Aug. 25, 2009, http://www.kentucky.com/2009/08/25/907529/official-prison-beyond-repair.html; Janet Cappiello Blake, "Riot at Northpoint Training Center", Aug. 22, 2009, http://www.wkyt.com/home/headlines/54015242.html.

4

libraries or adequate assistance from persons trained in the law," Bounds v. Smith, 430 U.S. 817 (1977), the Bounds decision "did not create an abstract, freestanding right to a law library or legal assistance." Lewis v. Casey, 518 U.S. 343, 351 (1996). Accordingly, Courts frequently decline to apply equitable tolling where riots or lockdowns limit a prisoner's access to legal materials and libraries. See, e.g., Maclin v. Robinson, 74 Fed. Appx. 587, (6th Cir. 2003) (declining to equitably toll statute of limitations where petitioner limited to one and one-half hours of library access per week); United States v. Stone, 68 Fed. Appx. 563, 565-66 (6th Cir. 2003) (insufficient access to prison library does not warrant equitable tolling); Munnerlyn v. United States, No. 2:08-cv-229, 2009 WL 1362387, *5 (S.D. Ohio May 13, 2009) (brief periods of lockdown not an extraordinary circumstance warranting equitable tolling); Williams v. Williams, No. 5:07-cv-1498, 2008 WL 2121078, *4 (N.D. Ohio Mar. 14, 2008) (denying equitable tolling where prisoner identified 30 days where the prison library was closed); Fitts v. Eberlin, 626 F.Supp.2d 724, 731 (N.D. Ohio 2009) (no equitable tolling where prisoner claimed prison library lacked sufficient resources and did not have a computerized research system). Unlike these cases, however, Hawkins is alleging that he was denied *all* access to his materials and the prison library due to its destruction during the riot.

Despite making a showing of extraordinary circumstances, however, Hawkins has not demonstrated that he pursued his rights diligently while in state custody. As the Government points out, following the riot at Northpoint, Hawkins had approximately ten months to prepare and file a § 2255 motion. Assuming that he was indeed deprived of access to his materials and a law library, he has not asserted any facts to show that he otherwise diligently attempted to exercise his rights under § 2255. Hawkins claims that he diligently pursued a direct appeal and filed a petition for a writ of certiorari, [R. 124 at 1], but these proceedings are separate and apart from his rights under

§ 2255. Furthermore, Hawkins was transferred out of Northpoint to a federal facility in July 2010 but did not file the present motion until July 2011. Hawkins makes no attempt to explain this delay. The Court cannot apply equitable tolling to Hawkins' case without him detailing the steps he took to protect his rights following the August 2009 riot at Northpoint.

### III. WAIVER OF RIGHT TO COLLATERAL ATTACK

Even if the Court were to grant Hawkins the benefit of equitable tolling, his § 2255 motion would be foreclosed by his waiver of the right to collaterally attack his guilty plea, conviction, and sentence. In his plea agreement, Hawkins agreed to waive "the right to appeal and the right to attack collaterally the guilty plea, conviction, and sentence, including any order of restitution." [R. 57 at 4]. "It is well settled that a defendant in a criminal case may waive any right, even a constitutional right, by means of a plea agreement." United States v. Calderon, 388 F.3d 197, 199 (6th Cir. 2004) (quoting United States v. Fleming, 239 F.3d 761, 763–64 (6th Cir. 2001) (internal quotation marks and citation omitted)). Accordingly, "a defendant's informed and voluntary waiver of the right to collaterally attack a sentence in a plea agreement bars such relief." Watson v. United States, 165 F.3d 486, 489 (6th Cir. 1999). A waiver of the right to collateral attack, however, is not binding if the defendant's claims "go to the very validity of a guilty plea." In re Acosta, 480 F.3d 421, 422 (6th Cir. 2007).

None of Hawkins' claims attack the validity of his guilty plea, nor does he make any attempt to argue that the waiver of his right to collateral attack was not made knowingly and voluntarily. At his rearraignment, during the plea colloquy, Hawkins acknowledged that he was fully satisfied with the advice and representation provided by his attorney. [R. 99, *Transcript of Rearraignment* at 4]. He confirmed that he had an opportunity to read the plea agreement and discuss it with his

6

attorney. [Id. at 5]. Hawkins then stated that he understood all the terms of the agreement. [Id.]. Following this exchange with the Court, the prosecutor was asked to summarize the terms of the plea agreement. In doing so, she noted that Hawkins waived "his right to appeal and the right to collaterally attack the guilty plea, the conviction and the sentence including any order of restitution." [Id. at 8]. Finally, the Court asked Hawkins whether he understood that he gave up the right to appeal his sentence, except for any determination that he was a career offender. Hawkins answered affirmatively. [Id. at 11]. Under these circumstances, and without any argument by Hawkins to the contrary, the Court finds that his waiver of the right to collaterally attack his guilty plea and sentence was made knowingly and voluntarily. Therefore, the present § 2255 motion is barred by the waiver provision of Hawkins' plea agreement.

## IV. CONCLUSION

For the reasons set forth above, it is recommended that the Defendant's Motion to Vacate, Set Aside, or Correct Sentence [R. 114] be DISMISSED AS TIME BARRED. In the alternative, it is also recommended that the motion be DENIED, since the Defendant waived his right to collaterally attack the guilty plea and sentence.

The parties are directed to 28 U.S.C. § 636(b)(1) for a review of appeal rights governing this Report and Recommendation. Specific objections to this Report and Recommendation must be filed within fourteen (14) days from the date of service thereof or further appeal is waived. United States v. Campbell, 261 F.3d 628, 632 (6th Cir. 2001); Thomas v. Arn, 728 F.2d 813, 815 (6th Cir. 1984). General objections or objections that require a judge's interpretation are insufficient to preserve the right to appeal. Cowherd v. Million, 380 F.3d 909, 912 (6th Cir. 2004); Miller v. Currie, 50 F.3d 373, 380 (6th Cir. 1995).

Signed January 3, 2012.

