UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
**CENTRAL DIVISION at LEXINGTON**

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) Criminal Action No. 07-73-JMH |
| v. | ) |
| MALIK SHABAZZ HAWKINS, | ) |
| Defendant. | ) **MEMORANDUM OPINION & ORDER** |

\*\*     \*\*    \*\*    \*\*    \*\*

This matter is before the Court on the Report and Recommendation of Magistrate Judge Edward B. Atkins [DE 125]. Said action was referred to the magistrate for the purpose of evaluating Hawkins' Motion to Vacate, Set Aside, or Correct his sentence pursuant to 28 U.S.C. § 2255 [DE 114], in which Hawkins acknowledges that his Motion was filed outside of the one year statute of limitations imposed by § 2255(f) but requests permission to proceed based on the doctrine of equitable tolling. Having considered Hawkins' Petition and the other briefs filed with respect to the question of whether Hawkins' claim is time barred [DE 118, 124], the Magistrate Judge recommends that Hawkins' request to proceed be denied [DE 125], and Hawkins has filed Objections [DE 130] to the Report and Recommendation. The Court has carefully considered this matter and concludes that it will accept and adopt in part the Magistrate Judge's largely well-reasoned and articulated recommendation. In so doing, the Court

has closely considered Hawkins' objections.

The Court is willing to accept that, under certain circumstances, a prison riot and fire with attendant water damage that result in the loss of one's personal legal papers and access to any and all legal materials constitute the type of extraordinary circumstances beyond a parties' control that can excuse a late filing under the doctrine of equitable tolling – but only if reasonable diligence in the pursuit of one's rights is also demonstrated. *See Jefferson v. United States*, 392 Fed. App'x 427, 432-33 (6th Cir. 2010) (citing *Lawrence v. Florida*, 549 U.s. 327, 336 (2007)). In fact, Hawkins does not disagree with this analysis in his objections. However, he insists only that the destruction of his papers and the legal materials available at the prison at the time of the riot and fire are enough to excuse his failure to seek relief. Hawkins has not demonstrated any evidence of what steps, if any, he took that would constitute the exercise of due diligence during the ten months that remained in the one year limitations period following the date that his conviction became final and during which he remained at Northpoint Training Center following the prison riot and fire. Nor has he provided any evidence that he exercised due diligence in pursuing relief under § 2255 from the time he was transferred to a federal facility in July 2010 until he filed his Motion in July 2011.

Without some detailed explanation of his diligence during the

2

period between the riot and fire and the filing of his Motion, it is impossible to evaluate the situation further let alone apply equitable tolling to excuse Hawkins' failure to file prior to the expiration of the statute of limitations in 2010. Accordingly, Hawkins' Motion will be denied.

The Court further considers whether it could or even should consider the issues raised in Hawkins § 2255 Motion if they were not time barred. In his plea agreement [DE 57], Hawkins "waive[d] the right to appeal and the right to attack collaterally the guilty plea, conviction, and sentence, including any order of restitution" except that, insofar as "it [was] determined that the defendant is career offender at the time of sentencing[,] the defendant reserve[d] the right to appeal that determination if it is based upon his prior conviction for possession of an unregistered firearm." In fact, Hawkins did raise that determination in his direct appeal and this Court's judgment was affirmed in *United States v. Hawkins*, 554 F.3d 615 (6th Cir. 2009). Again, in his Motion for relief under § 2255, Hawkins raises the same issues, arising out of the career offender enhancement found in U.S.S.G. § 4B1.1 and applied at sentencing in his case. Thus, the Court cannot conclude, as the Magistrate Judge urges, that Hawkins' § 2255 Motion fails because he waived the right to appeal or collaterally attack that element of his sentence because Hawkins did not do so. However, because this issue was raised and

3

considered on direct appeal, it may not now be relitigated using a § 2255 motion absent highly exceptional circumstances, such as an intervening change in the law. *DuPont v. United States*, 76 F.3d 108, 110 (6th Cir. 1996); *Stephan v. United States*, 496 F.2d 527, 528-29 (6th Cir. 1974). Defendant Hawkins has not identified such a circumstance in his Motion, and the Court would decline to consider the argument contained therein even if Hawkins' motion had been timely filed.

Finally, the Court considers whether a certificate of appealability should issue in this matter. "A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). In order for a certificate to issue, Defendant must be able to show that reasonable jurists could find in his favor, and the "question is the debatability of the underlying federal constitutional claim, not the resolution of that debate." *Miller-El v. Cockrell*, 537 U.S. 322, 342 (2003). Having carefully considered the matter, this Court concludes that no certificate should issue as Hawkins cannot make a substantial showing of the denial of a constitutional right.

Accordingly, **IT IS ORDERED:**

(1) that the Magistrate Judge's Report and Recommendation [DE 125] is **ACCEPTED** and **ADOPTED IN PART** and **REJECTED IN PART**; and

(2) that Hawkins' Motion to Vacate, Set Aside, or Correct his

sentence pursuant to 28 U.S.C. § 2255 [DE 114] is **DENIED**; and

    (3)  that no certificate of appealability will issue.

This is the 6th day of March, 2012.



Signed By:
*Joseph M. Hood*
Senior U.S. District Judge