UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>MALIK SHABAZZ HAWKINS,<br><br>Defendant. | No. 5:07-CR-73-JMH-HAI-1<br>No. 5:16-CV-08-JMH-HAI<br><br>RECOMMENDED DISPOSITION |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

On January 8, 2016, Defendant, proceeding pro se, filed a motion to vacate under 28 U.S.C. § 2255. D.E. 141. The matter was referred to the undersigned to issue a recommended disposition. D.E. 142. Defendant previously filed a § 2255 motion in the Eastern District of Kentucky on July 20, 2011. D.E. 114. On March 6, 2012, District Judge Hood denied Defendant's first § 2255 motion and denied a certificate of appealability. D.E. 131. Based upon this procedural history, and for the reasons that follow, Defendant's current motion (D.E. 141) is "second or successive" under § 2255(h). Accordingly, this Court **RECOMMENDS** that this matter be transferred to the United States Court of Appeals for the Sixth Circuit pursuant to *In Re Sims*, 111 F.3d 45, 47 (6th Cir. 1997) (per curiam).

**A. Analysis**

The Anti-Terrorism and Effective Death Penalty Act (AEDPA) of 1996 states that a court is not "required to entertain an application for a writ of habeas corpus to inquire into the detention of a person pursuant to a judgment of a court of the United States if it appears that the legality of such detention has been determined…on a prior application for a writ of habeas corpus, except as provided in section 2255." 28 U.S.C. § 2244(a). § 2255(h) states that "[a]

second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals[.]" 28 U.S.C. § 2255(h).  In order to obtain such certification, a defendant must make showing that either (1) that there is newly discovered evidence that, when viewed in light of the evidence as a whole, would be sufficient to establish that no reasonable factfinder would have found the movant guilty of the offense, or (2) there is a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.  *Id.*  Unless the Court of Appeals has authorized the filing of a "second or successive" petition, a district court must transfer the petition to the Sixth Circuit no matter how meritorious the claim may be.  *In Re Sims*, 111 F.3d at 47.

28 U.S.C. § 2244(b) does not define what constitutes a "second or successive" petition.  It is clear that not every numerically second petition is "second or successive."  *See Slack v. McDaniel*, 529 U.S. 473, 487 (2000) (a petition filed after a mixed petition has been dismissed before the district court has adjudicated any claim is not a second or successive petition); *Stewart v. Martinez-Villareal*, 523 U.S. 637 (1998) (a numerically second petition alleging a claim that was contained in a first petition, but dismissed as unripe, is not second or successive).  Otherwise, "a dismissal of a first habeas petition for technical procedural reasons would bar the prisoner from ever obtaining federal habeas review." *Id*. at 645.  One reason that subsequent petitions are not considered "successive" is that the prior dispositions were not "on the merits." *Slack*, 529 U.S. at 485-486; *Carlson v. Pitcher*, 137 F.3d 416 (6th Cir. 1998); *Camarano v. Irvin*, 98 F.3d 44, 46-47 (2d Cir. 1996).

Here, in his first § 2255 motion, Defendant challenged his sentence based upon the argument that he was erroneously deemed to be a career offender.  D.E. 114.  Defendant alleged that under the United States Sentencing Guidelines Manual § 4B1.1, he should not have been

deemed eligible for the career offender enhancement. *Id.* Judge Hood denied Defendant's motion finding that the motion was time barred. D.E. 131 at 2-3. In Defendant's instant § 2255 motion, he is again challenging his § 4B1.1 career offender enhancement relying on the Supreme Court of the United States's recent decision in *Johnson v. United States*, __ U.S. __, 135 S. Ct. 2551 (2015). D.E. 141. In *Johnson*, the Supreme Court found the residual clause of the Armed Career Criminal Act (ACCA) violated due process because it was unconstitutionally vague.

Defendant's prior § 2255 and its dismissal as being time barred constitutes a decision on the merits, rendering the current § 2255 as 'second or successive.' *See Murray v. Greiner*, 394 F.3d 78, 81 (2nd Cir. 2005). It is clear that Defendant is attacking the same conviction and sentence that was challenged in his prior motion. Therefore, this motion is second or successive within the meaning of §§ 2244 and 2255. Thus, Defendant is required to seek certification from the Sixth Circuit pursuant to § 2255.

The Court notes that the Sixth Circuit has granted certification applications on claims made based upon *Johnson*. *See In Re Watkins*, No. 15-5038, 2015 WL 9241176 (6th Cir. December 17, 2015) (finding *Johnson* constitutes a new substantive rule of constitutional law made retroactively applicable on collateral review and thus triggers § 2255(h)(2)'s requirement for certification of a second or successive petition); *In Re Boyett*, No. 15-5824, 2016 WL 75601 (6th Cir. January 7, 2016). However, the basis for the claims in *Watkins* and *Boyett* were different than the claims made by Defendant here. Both Watkins and Boyett were sentenced under ACCA's residual clause. Here, Defendant was not sentenced under the ACCA, but was subject to a sentencing enhancement under the Guidelines. Thus, the issue to be decided upon certification is different than that in *Watkins*. Moreover, the Sixth Circuit has not applied *Johnson* retroactively to claims on collateral review attacking a sentence applying § 4B1.1.

Regardless, because Defendant's motion is second or successive, this Court lacks jurisdiction and must transfer the matter to the Sixth Circuit. *See In Re Sims*, 111 F.3d at 47. Accordingly, it is hereby **RECOMMENDED** that Defendant's motion (D.E. 141) be transferred to the Sixth Circuit for a determination as to whether the district court may review it.

The Court directs the parties to 28 U.S.C. § 636(b)(1) for appeal rights and mechanics concerning this Recommended Disposition, issued under subsection (B) of the statute. *See also* Rules Governing Section 2255 Proceedings, Rule 8(b). Within fourteen days after being served with a copy of this decision, any party may serve and file specific written objections to any or all findings or recommendations for determination, de novo, by the District Court. Failure to make a timely objection consistent with the statute and rule may, and normally will, result in waiver of further appeal to or review by the District Court and Court of Appeals. *See Thomas v. Arn*, 474 U.S. 140, 155 (1985); *United States v. Walters*, 638 F.2d 947, 950 (6th Cir. 1981).

This the 20th day of January, 2016.

Signed By:
*Hanly A. Ingram*
United States Magistrate Judge